**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRINCE JONES, | CASE NO. 1:09-cv-01310-GSA PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| ROBERT MCFADDEN, et al., | (Doc. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

**Screening Order**

**I.      Screening Requirement**

Plaintiff Prince Jones, a former federal prisoner proceeding pro se and in forma pauperis, filed this civil rights action on July 27, 2009, pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S.Ct. 1999 (1971), which provides a remedy for violation of civil rights by federal actors.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). "[P]laintiffs [now] face a higher burden of pleadings facts . . ," Al-Kidd v. Ashcroft, 580 F.3d 949, 977 (9th Cir. 2009), and while a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## II.   Plaintiff's Eighth Amendment Claim

Plaintiff alleges that his rights under the Eighth Amendment of the United States Constitution were violated in conjunction with an incident in which he was stabbed and injured on September 10, 2008, while housed at the United States Penitentiary in Atwater, California.[1] Plaintiff was stabbed by inmate Michael Plummer with a knife constructed from a type of metal that is not detected by the metal detectors in use at USP-Atwater. Plaintiff seeks to hold Western Regional Director Robert McFadden, Warden Dennis Smith, Associate Wardens Bell and Shinn, Captain Lothrop, and Lieutenants Cobb, Zeragosa, Shank, and Putman liable for acting with deliberate indifference toward a serious risk of harm to Plaintiff's safety, in violation of the Eighth Amendment.

Plaintiff's claim arises from Defendants' alleged knowledge that the metal detectors were unable to detect the type of metal used to construct the knife Plaintiff was stabbed with and their failure to rectify the problem despite knowing of its existence. Plaintiff further alleges that if Defendant Putman had followed proper protocol on September 10, 2008, inmate Plummer would

---

[1] Plaintiff is currently out of custody and living in Philadelphia, Pennsylvania.

1  not have had the opportunity to stab Plaintiff because he would have been detained along with the
2  other inmates involved in the altercation that occurred prior to the stabbing of Plaintiff.

3  The Eighth Amendment protects prisoners from inhumane methods of punishment and from
4  inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).
5  Extreme deprivations are required to make out a conditions of confinement claim, and only those
6  deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form
7  the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995
8  (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth
9  Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew
10 of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511
11 U.S. 825, 847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

12 While prison officials have a duty to protect inmates from harm at the hands of other inmates,
13 neither negligence nor gross negligence, as alleged by Plaintiff, rises to the level of a constitutional
14 violation. Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). Prison is an inherently
15 dangerous environment and the incidents of violence within prisons amply illustrate that keeping an
16 institution free of inmate weapons is an impossible undertaking, be they of metal or other material.
17 Plaintiff's allegations do not support a claim that the metal detectors in place at USP-Atwater
18 allowed such an objectively serious threat to exist that their continued usage provides the basis for
19 an Eighth Amendment claim.

20 With respect to Defendant Putman, Plaintiff's allegations demonstrate that inmate Plummer
21 was not suspected of being a threat or of being involved in the earlier altercation. The mere fact that
22 Putman failed to follow a prison protocol does not support a claim for violation of the Eighth
23 Amendment. There are no facts supporting a claim that Defendant Putman "[knew] of and
24 disregard[ed] an excessive risk to [Plaintiff's] safety" Farmer, 511 U.S. at 837, by permitting inmate
25 Plummer back into the dining hall, which allowed him the opportunity to later stab Plaintiff.

26 **III.    Conclusion and Order**

27 Plaintiff's complaint does not state a cognizable claim for relief for violation of his
28 constitutional rights. Plaintiff is granted leave to file an amended complaint within thirty days. Noll

3

v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal at 1948-49; Jones, 297 F.3d at 934.  There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct.  Iqbal at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed July 27, 2009, is dismissed for failure to state a claim upon which relief may be granted;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **February 8, 2010**            /s/ **Gary S. Austin**
                              UNITED STATES MAGISTRATE JUDGE