IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRINCE JONES, | Case No. 1:09-cv-01310 JLT (PC) |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM |
| vs. | |
| ROBERT McFADDEN, et al., | (Doc. 12) |
| Defendants. | |
| _____/ | |

Plaintiff is a federal prisoner proceeding pro se and *in forma pauperis* with a civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violations of civil rights by federal actors. This proceeding was referred to the undersigned magistrate judge in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 302. Pending before the Court is Plaintiff's amended complaint filed March 8, 2010.

**I.    SCREENING**

The Court is required to review a case filed *in forma pauperis*. 28 U.S.C. § 1915(A)(a). The Court must review the complaint and dismiss the action if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2). If the Court determines the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

1

The Federal Rules of Civil Procedure adopt a flexible pleading policy. A complaint must simply contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(c). Nevertheless, a complaint must give fair notice and state the elements of the plaintiff's claim plainly and succinctly. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In other words, the plaintiff is required to give the defendants fair notice of what constitutes the plaintiff's claim and the grounds upon which it rests. Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). Although a complaint need not outline all the elements of a claim, there "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570). Vague and conclusory allegations are insufficient to state a claim under § 1983. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II. BACKGROUND

### A. Procedural History

Plaintiff filed his original complaint and initiated this Bivens action on July 27, 2009. (Doc. 1.) On February 9, 2010, the Court dismissed Plaintiff's complaint with leave to amend. (Doc. 11.) The Court found that the complaint failed to allege facts sufficient to demonstrate that Defendants disregarded a substantial risk to Plaintiff's safety in violation of the Eighth Amendment. (Id. at 2-3.) On March 8, 2010, Plaintiff timely filed the instant amended complaint. (Doc. 12.)

### B. The Amended Complaint

In his amended complaint, Plaintiff alleges the following. On September 10, 2008, Plaintiff was stabbed multiple times by inmate Michael Plummer with a metal knife. Inmate Michael Plummer was able to procure and conceal a metal knife because the metal detectors at the United States Penitentiary in Atwater, California were unreliable in detecting certain metal. Defendants Smith and Lothrop had constructive knowledge that the metal detectors were unreliable at times. However, Defendants did not replace the defective metal detectors until after Plaintiff was stabbed. Plaintiff claims that the defective metal detectors and Defendants' failure to replace them earlier created inhumane conditions of confinement in violation of the Eighth Amendment. In terms of relief, Plaintiff seeks monetary damages and declaratory relief. (Am. Compl. at 3-17.)

### III. DISCUSSION

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to support a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citations and quotations omitted); Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996). In order to state a claim for a violation of the Eighth Amendment in this regard, the plaintiff must allege facts demonstrating that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. Farmer v. Brennan, 511 U.S. 825, 847 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Here, Plaintiff again fails to allege facts sufficient to show that Defendants Smith and Lothrop knew of and disregarded a substantial risk of serious harm to Plaintiff. Plaintiff does not allege that Defendants knew that inmate Plummer possessed a metal knife or knew that inmate Plummer intended to harm Plaintiff. In fact, there is no indication that Defendants knew of and disregarded any particularized risk to Plaintiff's safety. That Defendants allegedly knew the metal detectors were, at times, unreliable in detecting contraband is in of itself insufficient to support an Eighth Amendment claim. As the Court noted in its previous screening order, prison is an inherently dangerous environment, and the task of keeping an institution free of inmate weapons is a daunting one. If anything, Defendants were negligent in not replacing the prison's metal detectors earlier. However, neither negligence or gross negligence rises to the level of a constitutional violation. See Farmer, 511 U.S. at 835. Accordingly, Plaintiff's allegations fail to state a cognizable claim.

The Court declines to provide Plaintiff with a second opportunity to amend his pleadings. "A district court retains its discretion over the terms of a dismissal for failure to state a claim, including whether to make the dismissal with or without leave to amend." Lopez, 203 F.3d at 1124. The district court's discretion to deny leave to amend is "particularly broad" where, as here, plaintiff has previously amended the complaint. Metzler Inv. GMBH v. Corinthian Colleges, Inc., 540 F.3d 1049, 1072 (9th Cir. 2008) (quoting In re Read-Rite Corp., 335 F.3d 843, 854 (9 h Cir. 2003)). Accordingly, the Court will dismiss this action, without leave to amend, for failure to state a cognizable claim.

**IV.     CONCLUSION**

Accordingly, for the reasons set forth above, it is HEREBY ORDERED that:

1. This action is dismissed, with prejudice, for failure to state a cognizable claim;
2. This dismissal shall count as a strike pursuant to 28 U.S.C. § 1915(g); and
3. The Clerk of the Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated:   **November 2, 2010**                                        /s/ Jennifer L. Thurston
                                                                    UNITED STATES MAGISTRATE JUDGE